FILED ☑    LODGED ☐
RECEIVED ☐    COPY ☐

MAR 30 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

__Peter Little #173397__
Name and Prisoner/Booking Number

__Yuma-Cibola Unit 6F9__
Place of Confinement

__P.O. Box 8820__
Mailing Address

__San Luis, AZ 85349__
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

__Peter J. Little, Jeff Bechtel, et al__,
(Full Name of Plaintiff)
      Plaintiff,

vs.

CASE NO. CV-11-602-PHX-FJM-LOA
(To be supplied by the Clerk)

(1) __Chuck Ryan__,
(Full Name of Defendant)

(2) __Devon Dickinson__,

(3) __Arizona Correctional Industries__,

(4) _____,
      Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.
☑ Additional Plaintiffs page 1-A attached.

CLASS ACTION
CIVIL RIGHTS COMPLAINT
BY A PRISONER

JURY TRIAL DEMANDED

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: __Yuma Complex Prison Dakota Unit__

Revised 3/9/07

1

550/555

Additional Plaintiffs:

Anthony Lee Terranova #139368
Greg G. Minnis #155351
Sigurds Frodi Baldursson #115149
John O. McCeaken #149724
Daniel S. Cisco #132026
Bryan J. Cox #132385
Christopher D. Thompson #122573
Jeffrey O. Bechtel #134151
Olas McPhaul #083844
Salvatore Spinelli #241333
Ryan Dunn #182111
James Roberts #238046
Delano Moore #104067
Jesse Merriman #246800
Jeremy E. Spear #180839
Aaron Huston #220759
Francis J. Flaherty #067435
Onderhime Mafemi #214640

1A

## B. DEFENDANTS

1. Name of first Defendant: __Chuck Ryan__. The first Defendant is employed as: __Director of Arizona Dept. of Corrections__ at __A.D.O.C. Central Office 1601 W. Jefferson St. Phoenix, AZ 85007__
   (Position and Title)              (Institution)

2. Name of second Defendant: __Devon Dickinson__. The second Defendant is employed as: __Co-owner of Safety Services Company__ at __2995 S. Pacific Ave. Yuma, AZ 85365__
   (Position and Title)              (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____
   (Position and Title)              (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____
   (Position and Title)              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Fifth Amendment, nor be deprived of "property", without due process of law</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☑ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   During the years of 2003-2010 the prisoners where employed by Safety Services Company who had and has a pending contract with Arizona Department of Corrections (ADC throughout) and Arizona Correctional Industries (ACI throughout) who lease building space for operations and to hire and employ prisoners.
   Davon Dickinson the co-owner of Safety Services, Safety Sam Inc., Nationwide Publications paid to ADC/ACI the minimum wage per hour for every prisoner employed.
   ADC under their unlawful policies and State of Arizona Statutes took $4.25 of the $7.25 minimum wage off the top and payed the prisoners/employees $3.00 per hour. Additionally, ADC took $1.00 from every $3.00 earned by the prisoners to pay "room and board". By ADC/ACI removing the $4.25 and $1.00 from prisoners earnings violates the plaintiffs rights to "property" under the Fifth Amendment of the United States Constitution. Furthermore, the portion that ADC/ACI removed also violates Section 6.(a) of the Federal Governments minimum wage of the

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Plaintiffs where injured by the fact that the state forced them to sign a contract under duress in effect giving up 60% of their earnings, $4.25 of the $7.25 earned. Hence, this lost income could have been used

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?  ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?  ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Plaintiffs Peter Little and Anthony Terranova completed all remedies. It is needless for other plaintiffs to do so as their claim would not be resolved</u>

COUNT ONE:

Fair Labor Standards Act. Safety Services Company is a Company which sells products such as Safety Meetings, Safety Manuals, State and Federal Labor Law Posters, Certification Kits for forklifts, Scaffolds, Hazardous Materials etc. to private Construction Companies and other small businesses in order to keep them in full compliance with Occupational Safety and Health Administration laws and regulations (OSHA throughout). Safety Services Company would have to be a Federally Certified Company for two reasons. 1) They sell products which have to conform to OSHA Laws and Regulations. 2) Safety Services Company sells it's products across state lines by phone for commerce and also sends it's products across state lines through the mail throughout the whole country and Canada.

This being the case, Safety Services Co. pays the minimum wage per hour under law but pays it to ADC/ACI instead of to the prisoners who are employed by Safety Services. This fact is being undisclosed and hidden from the prisoners by ADC because Safety Services Company nor ADC is taking out or withholding Federal Income Taxes, State Taxes, or Social Security deductions.

So not only are the prisoners being defrauded of their property of $5.25 per hour, in the end only reciving

3A

$2.00 per hour from ADC/ACI but ADC is also defrauding the Federal Government from there Income Taxes. Hence, plaintiffs where denied their "property" in violation of Federal Labor Laws by ADC/ACI through there unlawful policies and state statutes and took the rightful property (in the form of U.S. Currency) from the plaintiffs/employees of Safety Services.

All of the statutes that the State of Arizona employs is to retain plaintiffs "property" "U.S. Currency" in a retention account seperate from plaintiffs spendable account until the prisoner is released from custody. Not only does the state statutes violate the Fifth and Fourteenth Amendments but the statutes do not address nor have any provisions that allow for a prisoner who has a life sentence or no release date at all. Such as in the case of plaintiffs Terranova, Little and others herein who have life or natural life sentences are being denied access to the monies in the retention account. There have been numerous retention withdrawal forms filed by some plaintiffs in attempts to pay legal fees such as costs for legal copies and supplies, in attemps to obtain appliances for religous purposes, to help family or child support or for the simple everyday living expenses here in prison as the state of Arizona makes prisoners by clothing, hygeine and foodstuffs as contrary to what the state may claim is not enough for a grow man to live on.

3B

Most jobs the state offers to prisoners only pay 10-20¢ per hour so a prisoner has to work for 3 hours just to obtain enough for a stamp to write home.

Hence, for the plaintiffs who have a life or natural life sentence ADC is blantantly attempting to deprive and defraud them of the property (U.S. Currency) that is in their retention account and ADC director Chuck Ryan will deny all attempts of obtaining monies by plaintiffs. One plaintiff even has a court order to release funds for child support which Mr. Ryan refuses to honor in the face of state courts.

From the $1.00 out of the $3.00 that ADC/ACI give to the plaintiffs, this was for "room and board" under state statute. Plaintiffs recived no extra privledges from paying room & board then from prisoners who did not. Plaintiffs still had to pay a $2.00 charge every month for electricity, still had to pay a $4.00 sur charge if they went to medical or dental, recived no extra food during meals and where not seperated into a different building then prisoners who did not pay room & board. ADC collects room & board monies from the Federal Government every fiscal year for every prisoner so plaintiffs should not have to pay any extra to ADC since it is already provided for by the Federal Government through tax payers of this country. Any monies taken from plaintiffs for room & board was not reimburst to the Federal

3C

Government or tax payers but is being solely used by ADC and their own agenda. It is not being used as any benifit to the prisoners.

COUNT ONE, QUESTION FOUR INJURY:
For plaintiffs to pay for child support, to help family members pay bills, to help obtain legal assistants or legal supplies in the form of books, law indexes etc., for plaintiffs still in litigation of their cases and proceeding pro per. Plaintiffs recived injurious effects from the loss of income to obtain items such as clothing and appliances from the contracted commissary company. Furthermore, plaintiffs are restricted from accessing the monies placed in their retention account to be used for the same purposes as mentioned above.
Even though we are prisoners, we where forced under duress to sign a contract which give away more then half of our pay, (minimum wage) to the state. If a plaintiff did not sign the contract forced upon us we where told that we would be fired immediately.
ACI being the best job available, plaintiffs signed under duress and as there are some rights taken from prisoners, humanitarian rights are still grantted to prisoners.
In order for a plaintiff to make a decent living in prison he had to sign away 60% of his earnings and then the state took an additional 1/3 for room & board.

3D

This in effect amounted to slave labor upon the plaintiffs who worked for ACI/Safety Services Company. Furthermore, of the $2.00 per hour that plaintiffs did recive out of the $7.25 in was forced upon plaintiffs to have appoximately 60% of that placed into the restricted retention fund which plaintiffs do not have access to and can not use accept at the sole discretion of the ADC director. In the case of a plaintiff with a natural life sentence the injury is the arbitrary discrimination of the ADC director not releasing any funds from the retention account to be used for anything claimed above in effect being defrauded by ADC and the director Chuck Ryan.

3E

## COUNT II

1. State the constitutional or other federal civil right that was violated: <u>Fifth Amendment, nor shall private property be taken for public use, without just compensation</u>

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☑ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ADC Director Chuck Ryan through his office is illegally retaining Plaintiffs earned property (U.S. Currency) in a retention account. Furthermore, these retained funds are put into interest bearing accounts under Arizona Revised Statute 41-1604.05 and this money is being used by ADC to make money. This is a direct violation of Plaintiffs Fifth Amendment Rights which state that "nor shall private property be taken for public use without just compensation". U.S. Supreme Court precedence also confirms that it is illegal for a state to make statutes which violates Plaintiffs constitutional rights and the "takings clause" of the Fifth Amendment.

   By ADC retaining plaintiffs property, monies in the retention account and using the monies to make interest or for other projects is a direct violation of U.S. Supreme Court precedent case law and the "takings clause" under the 5th Amendment. Just compensation is required under the Constitution and law.

   Furthermore, property rights can and do-exist wholly independently of state statutes and despite state statutes that appear to deny their existence. A state by ipse dixit, may not transform private

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Reference Ground One.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Reference Ground One.

4

property into public property without compensation even for the limited duration of plaintiffs release date and especially in the case of some plaintiffs who have no release date.

Plaintiffs are entitled to all interest that is being accumlated from the interest bearing accounts that their retention funds are being placed into.

4A

## COUNT III

1. State the constitutional or other federal civil right that was violated: Fourteenth Amendment, nor shall any State deprive any person..."property" without due process of law.

2. Count III. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☑ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Under the Fourteenth Amendment which states "nor shall any State deprive any person..."property" without due process of law. In the case at issue here, Plaintiffs are being denied their rights to their property in the form of U.S. Currency placed in their retention account without valid due process of law. Under Arizona Statutes ADC claims they have the right and athority to with-hold Plaintiffs property from them and place it into a retention account until Plaintiffs are released from prison. The very statutes that the State uses makes no provisions for a Plaintiff that does not have a release date or a life sentence. The statutes in question and used by ADC gives the ADC Director "sole discretion" when it comes to a plaintiff attempting to remove monies from his retention account. This in itself violates due process of law. Furthermore, under law a statute "must provide clear guidelines so as to prevent arbitrary application and enforcement." Also, a statute must "provide explicit standards for those who apply 'the statute' in order

4. Injury. State how you were injured by the actions or inactions of the Defendant(s). Reference Ground One.

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III? ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Reference Ground One.

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

to avoid arbitrary and discriminatory enforcement."
The statutes employed by the State of Arizona and used by the ADC director do not provide explicit standards and do not prevent arbitrary and discriminatory enforcement, they just merely give the ADC director "sole discretion" over a plaintiffs retention account in effect rendering plaintiff's with no due process of law. Under the ADC Policy for Retention Funds it states that only funds may be used in an emergency yet it is up to the ADC director in his opinion as to what is an emergency or not. For example Plaintiff Jeremy Spears' father died last year an Mr. Spears' wanted to use his retention funds to go to his fathers funeral which was denied by Yuma Complex Prison warden and ADC director Chuck Ryan as not being an emergency.
The policies and statutes employed by the State and ADC do not give plaintiffs due process of law under the 14th Amendment.

5A

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiffs are seeking the relief from the Court to have ADC/ACI reimburst them for all the monies taken from the minimum wage that they where paid by Safety Services Company. All wages that went to ADC/ACI instead of directly to plaintiffs. This includes the $4.25 per hour taken for every hour plaintiffs worked and for plaintiffs who worked for Safety Services Company through ACI from the years of 2003-2010 to equal the minimum wage rate at said times that was

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  3-26-11
         DATE

Peter L. Little #173397
SIGNATURE OF PLAINTIFF
Additional Plaintiffs:
See page 68

NONE BUT Peter Little
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

NONE
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

lower then the present day of $7.25. Such as the minimum wage for 2007 was $5.85, for 2008 was $6.55. Reimburstment is request to equal rate of pay under the Fair Labor Standards Act for each time frame, and as Safety Services Company paided to ADC/ACI instead of to plaintiffs.

In addition, plaintiffs request that the additional $1.00 per hour worked that ADC/ACI took for room and board be reimburst to plaintiffs since the Federal Government every fiscal year provides the State of Arizona monies for plaintiffs room and board, or in the alternative to reimburst the $2.00 charge every month that plaintiffs paid for electricity which should have been included in the room and board payments.

Furthermore, all plaintiffs retention fund accounts be placed on spendable account and retention fund account be disband as this violates plaintiffs property rights. Plaintiffs also request that a 17% increase be added to the monies in the retention accounts for each plaintiff as just compensation under the Fifth Amendments takings clause since 17% is the average percent payed by citizens in the use of loans and credit cards etc.

Lastly, that all plaintiffs that had to use funds in the persuit of this action be reimburst for all Court costs and fees, mailings, legal copies obtain for all documents submitted to the Court as this class action would not have been necessary if ADC/ACI where not attempting to defraud the plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiffs,

1. Anthony Lee Terranova #139368
2. GREGG G. MINNIS #155351
3. Sigurdr Frodi Baldursson #115149
4. JOHN D. McREAKEN, #149724
5. Daniel S. Cisco #132026
6. BRYAN JOSEPH COX #132385
7. Christopher D. Thompson 122573
8. JEFFREY D. BECHTEL #134151
9. Olus McPhaul #083814
10. Salvatore Spinelli #241333
11. RYAN DUNN #182111
12. James Roberts #238046
13. Delano Moore #104067
14. Jesse Merriman #246800
15. [redacted]
16. [redacted]
17. [redacted]
18. Jeremy E Spear #180839
19. Aaron Huston #220759
20. FRANCIS J. FLAHERTY #067435
21. ONOERHIME MAFEMI #214640

6B

Inmate Peter L. Smith
ADC # 173397
Arizona State Prison Complex
Unit Cibola GF9
P.O. Box 8820
San Luis, AZ 85349

LEGAL MAIL

RECEIVED
MAR 30 2011
RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

U.S. District Court Clerk
U.S. Courthouse, Suite 130
401 W. Washington St. SPC 10
Phoenix, Arizona
85003-2119

LEGAL MAIL