RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Peter James Little, et al., | No. CV 11-602-PHX-FJM (LOA) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

On March 30, 2011, Plaintiffs Peter James Little; Jeffrey D. Bechtel; Anthony Lee Terranova; Greg G. Minnis; Sigurdr Frodi Baldursson; John Daniel McReaken; Daniel S. Cisco; Bryan Joseph Cox; Christopher David Thompson; Olas McPhaul, Jr.; Salvatore Spinelli; Ryan Dunn; James Roberts; Delano Moore, Jr.; Jesse Merriman; Jeremy E. Spear; Aaron Huston; Francis J. Flaherty; and Ono-erhime T. Mafemi, who are confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff Peter James Little has filed an Application to Proceed *In Forma Pauperis* (Doc. 3) and a printout of his "Inmate Bank Account" (Doc. 4).  The Court will sever the action into separate cases.

**I.    Severance of Action into Separate Cases**

Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20.  However, Rule 21 of the Federal

1   Rules of Civil Procedure authorizes the Court to drop parties on just terms and sever claims.

2   See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (even

3   if the specific requirements of Rule 20 may be satisfied, a trial court must examine other

4   relevant factors to determine if joinder of a party will comport with principles of fundamental

5   fairness).

6       Even if Plaintiffs in this action are properly joined, the Court has found that

7   management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both

8   the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and, although each

9   Plaintiff may appear on his own behalf, neither may appear as an attorney for the other.

10  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, during the

11  prosecution of this action, each Plaintiff would be required to sign and submit his own

12  motions and notices related to his claims in the action, and all Plaintiffs would be required

13  to individually sign any motion or notice filed on behalf of all Plaintiffs.  However, because

14  of security concerns related to inmate correspondence and face-to-face communications,

15  Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share

16  discovery, or even provide each other copies of the motions and notices they file with the

17  Court.  Thus, continued administration of the lawsuit by the inmates is limited, if not

18  virtually impossible, due to the regulation of inmate-to-inmate correspondence.  Moreover,

19  inmates are subject to transfer at any time to a facility other than the one they are incarcerated

20  in at the time of the lawsuit or to being released.

21      With these concerns in mind, the Court concludes that unitary adjudication of

22  Plaintiffs' claims would result in unfairness to Plaintiffs, Defendants, and the Court's goals

23  of achieving judicial economy and maintaining efficient control of the Court's docket.

24  Allowing each Plaintiff to proceed separately, however, would overcome the unfairness

25  created by these circumstances.  Therefore, the Court will sever this action into 19 individual

26  cases and a new case number will be assigned each individual Plaintiff.  A copy of the

27  Complaint (Doc. 1) and this Order will be placed in each new case.  Additionally, the

28

1   Application to Proceed *In Forma Pauperis* (Doc. 3) and printout of "Inmate Bank Account"

2   (Doc. 4) will be placed in the Plaintiff Peter James Little's new case.

3          The individual Plaintiffs must proceed independently from this point on and will not

4   be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings,

5   motions or other papers submitted for filing by an individual Plaintiff in his separate case

6   must be signed by the individual Plaintiff, or they will be stricken.

7   **II.     Class Action Denied**

8          On the face of the Complaint (Doc. 1), Plaintiffs have labeled this as a "Class Action."

9   However, none of the Plaintiffs are attorneys.  Accordingly, although each Plaintiff may

10  appear on his own behalf, he may not appear as an attorney for other persons in a class

11  action.  <u>McShane v. United States</u>, 366 F.2d  286, 288 (9th Cir. 1966) (nonlawyer had no

12  authority to appear as an attorney for other persons in a purported class action); <u>C.E. Pope</u>

13  <u>Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir.1987) (while a non-attorney may

14  represent himself, he has no authority to appear as an attorney for others); <u>Oxendine v.</u>

15  <u>Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding

16  *pro se* to represent fellow inmates in a class action).  "This rule is an outgrowth not only of

17  the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of

18  the members of the 'class,' but also out of the long-standing general prohibition against even

19  attorneys acting as both class representative and counsel for the class."  <u>Huddleston v.</u>

20  <u>Duckworth</u>, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

21         Further, Plaintiffs have not made a showing that the four prerequisites to a class action

22  under Rule 23(a) of the Federal Rules of Civil Procedure *i.e.*, numerosity, commonality,

23  typicality, and adequacy of representation, have been met in this case.  Accordingly, this

24  action will not be allowed to proceed as a class action.

25  **III.    Warnings**

26        **A.     Address Changes**

27  Plaintiffs must file and serve a notice of a change of address in accordance with Rule

28                                                    - 3 -

83.3(d) of the Local Rules of Civil Procedure.  Plaintiffs must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of their action.

**B.    Copies**

Plaintiffs must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**IT IS ORDERED**:

(1)    This action **may not proceed** as a class action.

(2)    This action is **severed** into 19 individual actions, one for each of the Plaintiffs: Peter James Little; Jeffrey D. Bechtel; Anthony Lee Terranova; Greg G. Minnis; Sigurdr Frodi Baldursson; John Daniel McReaken; Daniel S. Cisco; Bryan Joseph Cox; Christopher David Thompson; Olas McPhaul, Jr.; Salvatore Spinelli; Ryan Dunn; James Roberts; Delano Moore, Jr.; Jesse Merriman; Jeremy E. Spear; Aaron Huston; Francis J. Flaherty; and Ono-erhime T. Mafemi.  The Clerk of Court **must assign** a new case number to each new individual action.

(3)    The Clerk of Court **must file** a copy of the Complaint (Doc. 1) and this Order in each new case.  Additionally, the Clerk of Court **must file** a copy of the Application to Proceed *In Forma Pauperis* (Doc. 3) and printout of "Inmate Bank Account" (Doc. 4) in Plaintiff Peter James Little's new case.

(4)    The individual Plaintiffs **must proceed independently** from this point and will not be regarded as co-plaintiffs, except upon further order of the Court.  All further pleadings, motions or other papers submitted for filing by an individual Plaintiff in his separate case must be signed by the individual Plaintiff, or they will be stricken.

(5)    This action is **dismissed without prejudice.**

//

//

(6)     The Clerk of Court **must close** this case and **enter judgment** accordingly.

DATED this 19th day of April, 2011.

_____
Frederick J. Martone
United States District Judge